8770

WREDEN v. MARJENHOFF CO.

(81 S. E. 160.)

MASTER AND SERVANT. INJURIES TO SERVANT. CONTRIBUTORY NEGLIGENCE. QUESTION FOR JURY.

Where a servant was injured in putting candy on a pulling machine while in motion, and two witnesses testified that the work could not be performed unless the machine was in motion, whether plaintiff was negligent in so doing was for the jury.

Before DeVore, J., Charleston, April, 1913. Affirmed.

Action by Henry J. Wreden, by his guardian *ad litem*, Minnie Wreden, against the Marjenhoff Company. From a judgment for plaintiff, and an order denying motion for new trial, defendant appeals.

*Messrs. Mordecai & Gadsden* and *Geo. H. Moffett,* for appellant, cite: *Servant undertaking to do his work in an obviously dangerous way cannot recover:* 61 S. C. 489; 81 S. C. 530; 82 S. C. 542; 84 S. C. 364; 85 S. C. 363; 89 S. C. 502. *Servant's injury due to his failure to use appliances furnished by master:* 72 S. C. 97; 20 Am. & Eng. Enc. of Law 78; 86 S. C. 69. *Obvious danger:* 55 S. C. 483; 80 S. C. 232. *Defendant's negligence not proximate cause of injury:* 39 S. C. 39. *Obeying obviously dangerous instructions:* 82 S. C. 542; 84 S. C. 364; 86 S. C. 229; 77 S. C. 328; 61 S. C. 469, 489; Beach Contributory Negligence 442.

*Messrs. Logan & Grace,* for respondent, cite: *Evidence for jury:* 78 S. C. 251. *Evidence sustains allegations:* 80 S. C. 545; 67 S. C. 129; 86 S. C. 274; 50 S. C. 37; 86 S. C. 306; 60 S. C. 18. *All testimony to be considered:* 95 S. C. 136, 243. *Assumption of risk was not pleaded. Question of contributory negligence was for the jury:* 80 S. C. 232.

March 26, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff through the wrongful acts of the defendant.

The appeal is from an order refusing a motion for a nonsuit, also from an order overruling a motion for a new trial, on the same grounds.

The allegations of the complaint material to the questions involved are as follows: "That on or about the 3d day of January, 1910, the plaintiff, above named, Henry J. Wreden, who at that time was a minor of the age of 17 years, was in the employ of said defendant corporation as a second helper in the candy department of said corporation.

That, as such second helper, it was the duty of plaintiff to operate a candy-making machine. That, in the course of his employment attending to said candy-making machine, the candy broke, and plaintiff, as his duty and employment required him to do, endeavored to place said candy back on said machine. That, as plaintiff was endeavoring to put the candy on said machine, he was suddenly caught by one of the arms of the machine, and whirled over and caught on another arm of the machine, and his leg caught in said machinery, and, before he could be extricated therefrom, his left leg was broken, torn, cut, and mangled, and seriously and permanently injured. That the injuries to plaintiff as aforesaid were caused by the negligence, carelessness, recklessness, and wantonness of said defendant corporation, its agents and servants, in the following particulars, to wit: (a) In failing and neglecting to have said candy-making machine equipped with a clutch, so that said machine could have been stopped instantly, and plaintiff not injured. (b) In failing and omitting to furnish said plaintiff with a reasonably safe place to work by reason of the absence of a clutch for the instant stopping of said machine."

The defendant denied the alleged wrongful acts, and set up the defense of contributory negligence on the part of the plaintiff.

The jury rendered a verdict in favor of the plaintiff for $6,000, and the defendant appealed upon the following exceptions:

First. "Because the Circuit Judge erred in refusing the defendant's motion for a nonsuit made upon the ground that the only inference from the testimony for the plaintiff is that he was guilty of contributory negligence as alleged in the answer, in that he undertook to do the work in an obviously dangerous way, when there was a safe way provided by the master."

Second. "This is so even though the plaintiff was instructed by the master to do the work in the dangerous way, or so did it in the presence of the master."

In refusing the motion for nonsuit, his Honor, the presiding Judge, said: "The reason why I cannot nonsuit this case is because the witnesses on the stand stated that he could not do this work unless he did it that way; unless he put this candy on while this thing was in motion, the candy would not have been pulled. Now, whether that is so or not is for the jury, and whether doing that or not was negligence on his part is a question of fact for the jury. Two witnesses in this case said they could not perform this work unless they put this candy on while the machine was in motion; that is the reason I cannot nonsuit this case; but for that statement, I would have nonsuited it."

The reasons assigned by his Honor, the presiding Judge, in refusing the motion for a nonsuit are satisfactory to this Court.

Judgment affirmed.